1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL A. AMARANT,

11          Plaintiff,              No. CIV S-08-0249 LEW GGH P

12   vs.

13   VALLEJO POLICE
     DEPARTMENT, et al.,

14

     Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C.

17   § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

18   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26

1

1    month's income credited to plaintiff's trust account.  These payments shall be collected and

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17           A complaint must contain more than a "formulaic recitation of the elements of a

18   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19   speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

20   "The pleading must contain something more...than...a statement of facts that merely creates a

21   suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

22   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23   standard, the court must accept as true the allegations of the complaint in question, Hospital

24   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26   McKeithen, 395 U.S. 411, 421 (1969).

1    Named as defendants are Richard Greenberg, M. Agustin and Officer Fisher.  In

2    the section of the complaint labeled "Statement of Claim" plaintiff wrote "see attached paper."

3    However, no paper is attached to the complaint.  On February 15, 2008, plaintiff filed a letter

4    discussing jail conditions.  However, this document contains no information regarding the named

5    defendants.

6    The Civil Rights Act under which this action was filed provides as follows:

7    Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
8    deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
9    law, suit in equity, or other proper proceeding for redress.

10   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

13   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

15   omits to perform an act which he is legally required to do that causes the deprivation of which

16   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17   Moreover, supervisory personnel are generally not liable under § 1983 for the

18   actions of their employees under a theory of respondeat superior and, therefore, when a named

19   defendant holds a supervisorial position, the causal link between him and the claimed

20   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

21   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

22   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

23   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

24   Cir. 1982).

25   Because plaintiff has failed to link the defendants to any deprivations, the

26   complaint is dismissed with leave to amend.

3

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  The fee shall be collected and paid in accordance with this court's order to the Solano County

13  Sheriff filed concurrently herewith.

14    3.  The complaint is dismissed for the reasons discussed above, with leave to file

15  an amended complaint within thirty days from the date of service of this order.  Failure to file

16  amended complaint will result in a recommendation that the action be dismissed.

17  DATED: 04/08/08

18    /s/ Gregory G. Hollows

19    _____
     UNITED STATES MAGISTRATE JUDGE

20

21  ama249.b

22

23

24

25

26

4