1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL A. AMARANT,

11              Plaintiff,                      No. CIV S-08-0249 JAM GGH P

12        vs.

13   VALLEJO POLICE DEPARTMENT, et al.,

14              Defendants.               <u>ORDER</u>

15   _____/

16              Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. §

17   1983.  Pending before the court is the second amended complaint filed June 19, 2008.

18              The second amended complaint identifies Officers Greenberg, Fisher, San

19   Augustin and Metzger as defendants.  The second amended complaint states colorable claims for

20   relief against these defendants.

21              However, the second amended complaint includes claims against persons not

22   identified as defendants.  For example, plaintiff alleges that Officers Hall and Cameron put

23   plaintiff on suicide watch and then asked him if he wanted them to kill him.  Plaintiff also alleges

24   that Officer Posadas hit him five times.  Plaintiff also alleges that his speedy trial rights were

25

26

1

violated based on wrong advice given to him by his public defender.[1]

Because it is not clear whether plaintiff intends to make claims against defendants other than Greenberg, Fisher, San Augustin and Metzger, plaintiff is granted thirty days to file a third amended complaint.  If plaintiff does not file a third amended complaint, the court will order service of the second amended complaint as to defendants Greenberg, Fisher, San Augustin and Metzger.  Plaintiff is reminded that a third amended complaint must include contain his claims against all defendants.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 19, 2008, second amended complaint is dismissed with thirty days to file a third amended complaint; if plaintiff does not file a third amended complaint, the court will order service of the second amended complaint as to defendants Greenberg, Fisher, San Augustin and Metzger.

DATED:  07/22/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

am249.ame

---

[1]  If plaintiff intends to make a claim against him public defender for ineffective assistance of counsel based on the erroneous advice regarding his speedy trial rights, the court would find it barred by Younger v. Harris, 401 U.S. 37, 43-46 (1971)(a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances).