IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AMARANT,

    Plaintiff,                       No. CIV S-08-0249 JAM GGH P

    vs.

VALLEJO POLICE DEPARTMENT, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se. Pending before the court is the third amended complaint filed August 21, 2008.

        The third complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as to defendants Greenberg, Metzger, Fisher and San Augustin.

        Also named as defendants are Officers Hall and Cameron. Plaintiff alleges that in December, he asked to speak to someone at the jail regarding health concerns. Plaintiff told jail officials that he was not suicidal but that it was an emergency. Plaintiff claims that defendants Hall and Cameron wrongly put plaintiff on suicide watch. Plaintiff also claims that these defendants told plaintiff that if he did not strip, they would tear his clothes off. After this threat, plaintiff removed his clothes.

1

The allegations against defendants Hall and Cameron do not state colorable claims for relief. Plaintiff does not allege how being placed on suicide watch violated his constitutional rights. Standing alone, this allegation does not state a colorable claim. The claim that defendants threatened him also is not colorable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(threats do not rise to level of constitutional violation). Accordingly, the court will separately recommend the dismissal of the claims against defendants Hall and Cameron.

Also named as defendants are the Vallejo Police Department and the Solano County Jail. However, the third amended complaint contains no allegations or claims against these defendants. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982).

Because plaintiff has failed to link defendants Vallejo Police Department and Solano County Jail to the alleged deprivations, the court will separately recommend dismissal of these defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Greenberg, Metzer, Fisher and San Augustin.

2. The Clerk of the Court shall send plaintiff 4 USM-285 forms, one summons, an instruction sheet and a copy of the third amended complaint filed August 21, 2008.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Five copies of the endorsed third amended complaint filed August 21, 2008.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: 10/06/08

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

am249.1

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10 MICHAEL A. AMARANT,
11          Plaintiff,                    No. CIV S-08-0249 JAM GGH P
12     vs.
13 VALLEJO POLICE DEPARTMENT, et al.,     NOTICE OF SUBMISSION
14          Defendants.                   OF DOCUMENTS
15 _____/
16          Plaintiff hereby submits the following documents in compliance with the court's
17 order filed _____:
18              _____   completed summons form
19              _____   completed USM-285 forms
20              _____   copies of the _____
                                       Complaint/Amended Complaint
21 DATED:
22
23
24                                         _____
                                                        Plaintiff
25
26